IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EMMETT J. COLEMAN, 593708, <br>     Petitioner, <br><br> v. <br><br> RICK THALER, Director, Texas <br> Dept. Of Criminal Justice, Correctional <br> Institutions Division, <br>     Respondent. | ) <br> ) <br> ) <br> )     No. 3:11-CV-1000-P <br> ) <br> ) <br> ) <br> ) <br> ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that Respondent has unlawfully denied him street-time credits.

In 1991, Petitioner was convicted of burglary in the 363rd District Court, Dallas County, Texas. In 2002, he was released to mandatory supervised parole. In 2009, Respondent revoked Petitioner's parole and forfeited the street-time credits that Petitioner had accumulated from 2002 to 2009.

On November 16, 2010, Petitioner filed a state habeas petition challenging the denial of street-time credits. On March 9, 2011, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On April 14, 2011, Petitioner filed the instant petition. He argues:

(1) He is being denied street-time credits based on a robbery conviction when the sentence he is serving is for a burglary conviction;

(2) He has served over half of his remaining sentence on parole which entitles him to street-time credits; and

(3) The denial of street-time credit violates the Double Jeopardy Clause.

On July 26, 2011, Respondent filed his response. Petitioner did not file a reply. The Court now finds the petition should be denied.

**II. Discussion**

**1.    Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v.*

*Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## 2. Ineligible for Street-Time Credits

Petitioner argues that Respondent has wrongly determined that he is ineligible for street-time credits under Texas Government Code §§ 508.283 and 508.149. Texas Government Code § 508.283(b), in effect at the time of Petitioner's 2009 revocation, reads in pertinent part:

> (b) if the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed *without credit* for the time from the date of the person's release to the date of the revocation.

TEX. GOV'T CODE § 508.283(b) (West 2009) (emphasis added).

Petitioner argues that § 508.283(b) does not apply to him because his current holding conviction is for third degree burglary of habitation, which is not listed in § 508.149(a). Petitioner admits, however, that he has a previous conviction for robbery. (*Ex parte Coleman*, No. 75,467-01 at 6.) Robbery is an offense listed in § 508.149(a). Section 508.149 applies to inmates who have previously been convicted of any of the listed offenses. TEX. GOV'T CODE § 508.149(a). Petitioner's robbery conviction therefore makes him "a person described in Section 508.149(a)" and renders him ineligible for street time. TEX. GOV'T CODE § 508.283(b); *Ex parte Noyola*, 215 S.W.3d 862, 867 (Tex. Crim. App. 2007) (finding eligibility for street-time credit is determined by the date an inmate's parole is revoked, rather than the date of his underlying conviction).

3. **Time Spent on Parole**

Petitioner argues he is entitled to street-time credit because the remaining portion of his sentence is less than the amount of time he has spent on parole. For parole revocations occurring on or after September 1, 2001, Texas law allows the parolee to retain credit for time spent on parole *if they are offense eligible* and the remaining time on their sentence is less than the amount of time they have spent on parole. *See* § 508.023(c) TEX. GOV. CODE (emphasis added). In this case, Petitioner is not offense eligible to retain his street-time credits because of his burglary conviction. This claim should be denied.

4. **Double Jeopardy**

Petitioner argues Respondent violated his right against double jeopardy because the denial of street-time credits extended his sentence. Respondent argues this claim is procedurally barred because Petitioner failed to raise this claim in state court.

A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The record reflects that Petitioner failed to raise his double jeopardy claim in state court. Accordingly, the Texas Court of Criminal Appeals has not reviewed the claim. The claim cannot be reviewed by a state court because it is too late to file a petition for discretionary review, and a second state habeas petition would be subject to dismissal as a successive petition

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the

alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has shown no cause for his failure to present this claim to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Accordingly, the procedural default doctrine bars federal habeas relief on this claim.

## RECOMMENDATION

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 27th day of February, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).